## J. T. NICHOLSON v. THE STATE.

No. 14953.  Delivered February 24, 1932.

The opinion states the case.

*D. R. Pendleton* and *Gentry & Gray,* all of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is driving an automobile on a street in an incorporated city while intoxicated; the punishment, a fine of $50 and confinement in jail for sixty days.

State's witness Joe Kenedy was driving on a street in the city of Tyler in a buggy when appellant struck him with a motor truck. The

buggy was demolished and the witness Kenedy was injured. According to the testimony of the state, appellant left the scene of the collision and was later found by officers hiding under a house. Officers testified that appellant was drunk when they found him, he having been apprehended shortly after the collision. Appellant denied that he had been drinking on the occasion of the collision, and declared that he was perfectly sober. He said that the buggy was going down the road ahead of him and that when he discovered its presence he was so close to it he could not stop his car in time to avoid the collision. He testified further that at the time of the collision a car with very bright lights was approaching him, and that being blinded, he was unable to see the buggy. Several witnesses testified that they saw appellant at the time of the collision and that he was not under the influence of intoxicating liquor.

The only bill of exception found in the record brings forward the following occurrence: Immediately after counsel for appellant had concluded his argument to the jury, the grand jury came into court in a body and stated that they desired to make their report. Proceedings in the trial were stopped, but the jury remained in the box. The secretary of the grand jury came within the railing, and standing approximately fifteen feet from the jury box, proceeded to read the report of the grand jury. Among other things, the report embraced the following:

"Whereas, we have ascertained that the driving of motor vehicles on public highways, by persons intoxicated is being commonly violated, we hereby, as a body, call upon all law-abiding citizens to lend every aid and assistance possible to the courts and officers to the end that this law may be enforced and our highways made a safe place upon which to drive."

This report was read in the presence and hearing of the jury. Appellant objected, and requested the court to discharge the jury. The bill of exception is qualified by the court with the statement that as soon as the report had been read the court verbally instructed the jury that said report was not evidence and that they must not consider any of the statements made in the report, but that they should decide the case on the testimony alone. The opinion is expressed that the bill of exception presents reversible error. The grand jury would not have been authorized to make an argument to the jury in the trial of the case, calling upon the jurors and officers of the court to enforce the law which appellant was charged with having violated. In presenting their report in the presence and hearing of the jury, they, in effect, made an argument in behalf of the state. They placed their influence in the scales against appellant. Coming from the various sections of the county, they expressed the sentiment that the law-abiding citizens of the county should assist the courts and officers to the end that the law might be enforced. Can it be said that the statement read to the jury by the secretary of the grand jury was not calculated to impress the minds of the jury? We think

the question must be answered in the negative. The situation is not unlike that found in the case of Rigsby v. State, 64 Texas Crim. Rep., 504, 142 S. W., 901, 904, 38 L. R. A. (N. S.) 1116. There the accused was on trial charged with selling whisky in violation of the local option law. After the jury had been impaneled the court took a recess in order that a prohibition speech might be made in the courtroom. The jury remained in the box and listened to an address in favor of prohibition. Thereafter, the accused was tried by this jury over his objection. In concluding that the matter presented error, this court, speaking through Judge Davidson, said: "Would any candid mind say that such was permissible, or that the speech was not seriously calculated to impress the minds of the jury? Suppose they had been segregated in the courtroom and turned over to the speaker for an hour and a half with a speech upon the exciting question of amending the Constitution so as to bring about state-wide prohibition. Would it be seriously contended that this was not such conduct as would have required a reversal of the judgment? Suppose, after the case had been submitted to the jury, they had been permitted to sit in the courtroom either as part of the audience or by themselves, and had the speaker to address them on the pending issue of prohibition. Could this be maintained as a proper course of conduct before an impaneled jury to try a local option case? Suppose that the jury had retired to consider their verdict, and the speaker had been permitted to make his address to them in regard to the pending election, and suppose, further, the assembled crowd had been brought in about the time he began that speech to the jury. Would it be contended for a moment that this was proper conduct, or that it would have failed to make such an impression on the jury as would have required that they should not be permitted to sit in the case? We think not. For a discussion of this matter, see Shaw v. State, supra (83 Ga., 92, 9 S. E., 768). We are of opinion that a verdict obtained under such circumstances, and before such a jury, ought not to be permitted to stand."

Appellant offered the defense that he was not intoxicated. We are unable to reach the conclusion that the statement of the grand jury was not calculated to influence the jury to resolve the issue against him.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.